# Easter *v.* Crawford.

*Assumpsit.*

(Decided May 19, 1914. 65 South. 300.)

*Judgment; Default; Setting Aside; Hearing and Determination.*
—Under section 8, Local Acts 1907, p. 176, it was error for the court, after overruling demurrers to defendant's grounds of defense and good cause shown, to overrule his motion to set aside a judgment by default based on such ground without permitting proof of such ground, notwithstanding demurrers were sustained to other grounds of defense set up.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Assumpsit by B. Crawford against L. E. Easter. Judgment by default for plaintiff, and the court having denied defendant's motion to set aside such judgment, defendant appeals. Reversed and remanded.

G. O. CHENAULT, for appellant. Counsel discusses the things necessary to be done to preserve a material-man's lien under section 4754, Code 1907, and insist that the necessary things were not done, and therefore there was no sufficient complaint to support the default judgment.—*McConnel v. Meriden,* 112 Ala. 582; *Globe Co. v. Thacker,* 78 Ala. 458; secs. 4758, and 4777, Code 1907. The court should have permitted the moveant to introduce evidence in support of the grounds of the motion to which demurrers had been overruled. —Acts 1907, p. 176; *Globe Co. v. Thacker,* 87 Ala. 458; *Florence Co. v. Schall,* 107 Ala. 531; *Long v. Pocahontas Co.,* 117 Ala. 589.

CALLAHAN & HARRIS, for appellee. The court in refusing to set aside the judgment by default was exer-

cising its legal discretion, and its action will not be reviewed unless abuse is shown.—*Ex parte Wallace*, 60 Ala. 268. A petitioner is not entitled to relief unless he is without fault, and for aught that here appears the defendant was in fault.—*White v. Ryan*, 31 Ala. 402; *Traub v. Fabian*, 49 South. 240; *Allenton v. Tucker*, 38 Ala. 655.

· PELHAM, J.—The appellee brought an action in the Morgan county law and equity court against the appellant on account, and seeking to fasten a material-man's lien on certain property of the appellant. There was judgment by default rendered against the appellant, declaring a lien on the property described, and within 30 days from the rendition of such judgment the appellant, being the defendant in the court below, appeared in that court and filed a motion to set aside the judgment and permit her to interpose a meritorious defense to the action, which motion was denied.

The grounds for the motion to set aside the default judgment set up, among other things unnecessary to consider, that the defendant had a meritorious defense to the action, but that she was prevented from setting it up because of the matters and things alleged as showing a good cause for granting the motion. This motion, coming on to be heard, was demurred to, and the demurrers to that part of the motion setting up the facts relied upon as a good excuse for the defendant's failure to interpose a defense within the time and before judgment, was overruled by the court. Thereupon the defendant offered to make proof of these matters and things set up as grounds for granting the motion, but the court, on the objection of the plaintiff, refused to allow proof of these grounds to be made, and overruled the motion, and it is from this ruling of the court, that the appeal is prosecuted.

[Easter v. Crawford.]

Section 8 of the act establishing the Morgan county law and equity court (Acts 1907, p. 176) authorizes a review here of the action of the court below in refusing to set aside the judgment by default rendered in that court against the appellant. This statute provides that "for good cause shown" the primary court may set aside a judgment upon application to that effect being made, "accompanied by an affidavit made by the defendant, his agent or attorney, setting forth defendant's defense to such suit." The application, in the form of a motion in this instance, was accompanied by such an affidavit showing a meritorious defense; but upon the movant's offering on the hearing of the motion to make proof of those grounds of her motion setting up the matters alleged as showing "good cause" for setting aside the judgment theretofore rendered against her by default, the court, on the plaintiff's objection, refused to allow this proof to be made, to which action of the court the defendant duly reserved an exception. The sufficiency of those grounds of the motion as alleging facts which, if proven, would constitute "good cause shown" for granting the motion, had been tested by demurrer, and the demurrers had been overruled by the court, and it could not properly refuse to hear proof of the facts offered in support of this issue, for the purpose of determining whether or not a good cause was shown for granting the motion. The allegations set up as grounds for the motion, to which demurrers had been overruled, constituted the issue before the court on the hearing of the motion, and it did not rest in the discretion of the court to refuse to hear the legal proof offered in support of the issues before the court.

The situation is in no way affected by the fact that the court sustained demurrers to those grounds of the motion seeking to set up in detail certain matters relied

upon as constituting a meritorious defense to that part of the judgment fixing and declaring a lien on the property of the defendant. Demurrers were overruled to grounds alleging that the defendant had a meritorious defense and setting up the facts averred as good cause for granting the motion, and the defendant had a right to have this question heard and passed upon by the court on the evidence properly offered in support of it. The motion having been disposed of without hearing the evidence appropriate to it, there is nothing presented by the record which enables us to pass upon the merits of the motion, and it becomes necessary to remand the cause to the trial court, with instructions to admit and hear the legal evidence in support of the motion, and, upon a consideration thereof, to pass on the sufficiency of the evidence thus presented under the rules of law appertaining to granting or refusing such motions. It seems that, if the court had granted the motion on proof of the grounds stated in it, imposing such terms as seemed just, as authorized by statute, reversible error could not have been predicated upon doing so.

It is unnecessary to consider the assignments of error based on the court's rulings on the questions relating to a meritorious defense with respect to declaring a lien on the defendant's property, or the rulings on the merits of any other matter of defense that is proposed to be interposed. The material question, and the one to be first determined, is the sufficiency of the reason for setting aside the default judgment, and until that is determined there can be nothing presented for review on the rulings of the court as to the merits of the defense sought to be introduced by the defendant, whether it relates to the moneyed judgment rendered against her

[Morton, et al. v. Clark.]

or that part of the judgment fixing a lien on the property of the defendant.

Reversed and remanded.